FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 0 5 2003

JAMES W. McCORMACK, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

DENECE BEAN; RONNIE BROWN; ROBERT ECHOLS; RAE NITA JOHNSON; SANDRA LYNCH; DAVID ROGERS; DONALD ROOKS; WILLIE SMITH INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED — PLAINTIFFS

VS. Case No. 2-03 CV-0 . 135SWW

FORREST CITY SCHOOL DISTRICT — DEFENDANT

This case assigned to District Judge Wright
and to Magistrate Judge Cavaneau

**COMPLAINT**

Come now the Plaintiffs, Denece Bean, Ronnie Brown, Robert Echols, Rae Nita Johnson, Sandra Lynch, David Rogers, Donald Rooks, and Willie Smith, individually and on behalf of all others similarly situated, by and through their attorneys, in the above-titled civil action and file this Complaint against the Forrest City School District, and for cause would show unto the Court the following, to-wit:

**JURISDICTION**

1. Jurisdiction of this action is conferred on this Court by Section 16(b) of the Fair Labor Standards Act of 1938, amended (29 U.S.C. § 216(b)).

**PARTIES**

2. Denece Bean is an adult resident of St. Francis County, Arkansas, whose address is P.O. Box 2245, Forrest City, Arkansas 72335. At all times relevant to this action, this Plaintiff was employed by Defendant as a custodian at Central Elementary. Based upon information and belief, Plaintiff has worked for the school district since 1996. Plaintiff has worked overtime, more specifically described herein, for which she was

not compensated at a rate of one and one-half (1 ½) times her hourly rate. Plaintiff Bean has personal knowledge that there are other similarly situated individuals that are nonexempt employees of the school district, pursuant to the overtime and minimum wage provisions of the Fair Labor Standards Act. Attached as an Exhibit hereto is a consent to be a party plaintiff signed by Denece Bean.

3. Ronnie Brown is an adult resident of St. Francis County, Arkansas, 2014 Walnut Drive, Forrest City, Arkansas 72335. At all times relevant to this action, this Plaintiff was employed by Defendant as a custodian at Forrest City High School. Based upon information and belief, Plaintiff has worked for the school district since 1999. Plaintiff has worked overtime, more specifically described herein, for which he was not compensated at a rate of one and one-half (1 ½) times his hourly rate. Plaintiff Brown has personal knowledge that there are other similarly situated individuals that are nonexempt employees of the school district, pursuant to the overtime and minimum wage provisions of the Fair Labor Standards Act. Attached as an Exhibit hereto is a consent to be a party plaintiff signed by Ronnie Brown.

4. Robert Echols is an adult resident of St. Francis County, Arkansas, whose address is P.O. Box 143, Madison, Arkansas 72359. At all times relevant to this action, this Plaintiff was employed by Defendant as a custodian at Forrest City High School. upon information and belief, Plaintiff has worked for the school district since 1983. Plaintiff has worked overtime, more specifically described herein, for which he was not compensated at a rate of one and one-half (1 ½) times his hourly rate. Plaintiff Echols has personal knowledge that there are other similarly situated individuals that

are nonexempt employees of the school district, pursuant to the overtime and minimum wage provisions of the Fair Labor Standards Act. Attached as an Exhibit hereto is a consent to be a party plaintiff signed by Robert Echols.

5. Rae Nita Johnson is an adult resident of St. Francis County, Arkansas, whose address is P.O. Box 3092, Forrest City, Arkansas 72335. At all times relevant to this action, this Plaintiff was employed by Defendant as a custodian at Lincoln Middle School. Based upon information and belief, Plaintiff has worked for the school district since 1997. Plaintiff has worked overtime, more specifically described herein, for which she was not compensated at a rate of one and one-half (1 ½) times her hourly rate. Plaintiff Johnson has personal knowledge that there are other similarly situated individuals that are nonexempt employees of the school district, pursuant to the overtime and minimum wage provisions of the Fair Labor Standards Act. Attached as an Exhibit hereto is a consent to be a party plaintiff signed by Rae Nita Johnson.

6. Sandra Lynch is an adult resident of St. Francis County, Arkansas, whose address is 639 Cherry Street, Forrest City, Arkansas 72335. At all times relevant to this action, this Plaintiff was employed by Defendant as a custodian at Caldwell Elementary. Based upon information and belief, Plaintiff has worked for the school district since 1995. Plaintiff has worked overtime, more specifically described herein, for which she was not compensated at a rate of one and one-half (1 ½) times her hourly rate. Plaintiff Lynch has personal knowledge that there are other similarly situated individuals that are nonexempt employees of the school district, pursuant to the overtime and minimum wage provisions of the Fair Labor Standards Act. Attached

as an Exhibit hereto is a consent to be a party plaintiff signed by Sandra Lynch.

7. David Rogers is an adult resident of St. Francis County, Arkansas, whose address is P.O. Box 186, Forrest City, Arkansas 72335. At all times relevant to this action, this Plaintiff was employed by Defendant as a custodian. Based upon information and belief, Plaintiff has worked for the school district since 1990. Plaintiff has worked overtime, more specifically described herein, for which he was not compensated at a rate of one and one-half (1 ½) times his hourly rate. Plaintiff Rogers has personal knowledge that there are other similarly situated individuals that are nonexempt employees of the school district, pursuant to the overtime and minimum wage provisions of the Fair Labor Standards Act. Attached as an Exhibit hereto is a consent to be a party plaintiff signed by David Rogers.

8. Donald Rooks is an adult resident of St. Francis County, Arkansas, 426 Sunrise Drive Forrest City, Arkansas 72335. At all times relevant to this action, this Plaintiff was employed by Defendant as a custodian at Forrest Hill Elementary. Based upon information and belief, Plaintiff has worked for the school district since 1997. Plaintiff has worked overtime, more specifically described herein, for which he was not compensated at a rate of one and one-half (1 ½) times his hourly rate. Plaintiff Rooks has personal knowledge that there are other similarly situated individuals that are nonexempt employees of the school district, pursuant to the overtime and minimum wage provisions of the Fair Labor Standards Act. Attached as an Exhibit hereto is a consent to be a party plaintiff signed by Donald Rooks.

9. Willie Smith is an adult resident of St. Francis County, Arkansas, 159 Turnell Circle,

Apt. 92, Forrest City, Arkansas 72335. At all times relevant to this action, this Plaintiff was employed by Defendant as a custodian. Based upon information and belief, Plaintiff has worked for the school district since 1993. Plaintiff has worked overtime, more specifically described herein, for which he was not compensated at a rate of one and one-half (1 ½) times his hourly rate. Plaintiff Smith has personal knowledge that there are other similarly situated individuals that are nonexempt employees of the school district, pursuant to the overtime and minimum wage provisions of the Fair Labor Standards Act. Attached as an Exhibit hereto is a consent to be a party plaintiff signed by Willie Smith.

9. The named Plaintiffs herein, and all similarly situated individuals who subsequently file Consent Forms to become party plaintiffs to this litigation, are "employees" within the meaning of 29 U.S.C. §203(e).

10. The Forrest City School District is a school district organized and existing under the laws of the State of Arkansas and may be served with a copy of this Complaint on their agent for service of process, Mr. Lee R. Vent, Supr., 845 N. Rosser, Forrest City, Arkansas 72335.

11. At all times material to this action, Defendant was and/or is the "employer" of the named, representative Plaintiffs, as well as those persons who may file Consents to become party plaintiffs, as defined by §203(b) of the FLSA.

## FACTS

12. Plaintiffs hereby incorporate paragraphs 1 through 11 herein by reference.

13. At all times relevant to the allegations of this Complaint, the Defendant, Forrest City

School District, operated under the direction of its School Board and the Superintendent. Each of the Plaintiffs were employed as nonexempt employees of the Forrest City School District, working under the direction of Mr. Vent or their respective supervisors. The employment practices and policies detailed herein were established at the direction of or under the control and supervision of the Superintendent, and the Superintendent operates as the decision maker with respect to the employment practices followed by the District.

14. At all times relevant to the allegations of this Complaint, each of the named Plaintiffs held the job title of custodian. Each had substantially identical job duties and responsibilities including: unlocking the school at the start of the day; locking the school at the end of the day; cleaning the class rooms, school offices, restrooms, hallways and related facilities during the school day and after normal school hours; removing trash; performing ordinary maintenance on the school building and related facilities; mowing and general upkeep of school grounds and facilities.

15. As a part of their duties as custodians, the named Plaintiffs often were forced to work "off the clock." Each named Plaintiff was required to be present and begin work before the beginning of the school day for teachers and students. Plaintiffs were not allowed to clock in at the time they commence work but rather, they were required to delay the recorded start time. Similarly, each named Plaintiff was required to continue to work after the end of the school day for teachers and students. However, each named Plaintiff was required to clock out or otherwise record a ending work time which did not reflect the true time worked each day. Further, Plaintiffs were

supposed to receive an uninterrupted lunch period. However, Plaintiffs were forced to work through their lunch period, never received such a break, but were never accurately compensated for this additional time worked. Each named Plaintiff was required to work on occasional weekends and at special events such as sporting events and school programs, but when performing such work the named Plaintiffs were not allowed to clock in and receive compensation. Further, each named Plaintiff has dual job responsibilities which cause their work hours to extend beyond forty (40) hours, for which they were not properly compensated. As a result of these employment practices, each of the named Plaintiffs worked more than forty (40) hours per week and the Defendant failed and refused to compensate the named Plaintiffs for such work in excess of forty (40) hours at a rate of not less than one and one-half (1 ½) times the regular rate at which they were employed contrary to the provisions of Section 7(a) of The Act (29 U.S.C. § 207(a)).

16. The named Plaintiffs work at several different schools (elementary, middle and high schools) throughout the district and each have experienced substantially identical policies and practices at each school. The policies and practices of the Defendant which have resulted in these named Plaintiffs not being paid proper overtime has at all times relevant to this action been applied to all such workers employed by the Defendant. The employment practices detailed above represent the Defendant's regular practice and standard operating procedure. The Defendant has followed ,and continues to follow, the policies and practices detailed above uniformly on a district-wide basis and there are numerous employees, in addition to the named Plaintiffs, who

perform identical job duties, who are similarly situated, and have been unlawfully denied overtime pay as a result of such policies and practices engaged in by the Defendant.

17. In addition to the specific practices detailed above, Defendant routinely withheld from the named Plaintiffs relevant and necessary information which would have advised each and every potential plaintiff of their entitlement to overtime pay for all hours worked in excess of 40 hours per week. Named Plaintiffs and all others similarly situated relied upon these representations and/or misrepresentations made by the Defendant. Due to the actions of the Defendants in concealing the true status of its hourly employees and/or leading them to believe that they are not entitled to overtime pay, the applicable statute of limitations period governing FLSA actions, 29 U.S.C. § 255(a), is tolled for as long as Defendant engaged in such conduct and equitably estopps Defendant from raising the statute of limitations as a bar to any claims asserted herein. Defendant's actions in failing to properly compensate the named Plaintiffs and all those similarly situated, constitutes a willful violation of the FLSA.

18. This is a collective action brought pursuant to the FLSA and, specifically §216(b) thereof, which authorizes a collective action to remedy violations on the wage provisions of the FLSA by the Defendant, which deprived the named Plaintiffs, as well as all others similarly situated, of their lawful wages. Defendant has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay proper overtime wages to its non-exempt, hourly employees, such as the named Plaintiffs and all others similarly situated. As detailed above, these practices were

employed by the District with respect to all persons employed as custodians and other job classifications such that certification as a collective action will promote judicial efficiency as the claims of all persons similarly situated involve common issues of facts and law arising from the same district wide employment policies and practices.

## INDIVIDUAL CLAIMS

19. Plaintiffs hereby incorporate paragraphs 1 through 18 herein by reference.

20. Denece Bean has been employed by the Defendant since 1992 as a custodian. The Plaintiff's scheduled hours and actual hours are from 7:00 AM until 4:00 PM with a thirty (30) minute uninterrupted lunch period. However, the Plaintiff does not receive her uninterrupted lunch period. The Plaintiff has to work every Saturday to shampoo the carpets. This takes two (2) hours. She also works two (2) or three (3) Sundays to shampoo carpet. She also responded to the alarm ten (10) times, which took twenty (20) minutes each time. The Plaintiff has not been paid for all hours worked at either her regular rate of pay or at time and one-half (1 ½) her regular rate of pay for all hours worked over forty (40) in a week. The Plaintiff is owed at a minimum two hundred sixty (260) hours at time and one-half (1 ½) her regular rate of pay.

21. Ronnie Brown has been employed by the Defendant as a custodian since 1999. The Plaintiff's scheduled time is from 9:00 AM until 6:00 PM with a one (1) hour uninterrupted lunch period. The Plaintiff's actual hours are from 7:00 am until 10:00 PM. Plaintiff does not receive his uninterrupted lunch period due to having to clean up spills, fix broken windows, and help unload the delivery truck. The Plaintiff has the responsibility of coming in early to open the school and staying late to close the

school. He also has to stay at the school for PTA meetings once a month for two (2) hours. The Plaintiff also had to come in on Saturday to repair a burst water-pipe which took three (3) hours. Twice a year the Plaintiff is called when the alarm goes off at the school which takes him approximately one (1) hour each time. The Plaintiff has not been paid for all hours worked at either his regular rate of pay or at time and one-half (1 ½) his regular rate of pay for all hours worked over forty (40) in a week. The Plaintiff is owed at a minimum one thousand four hundred (1,400) hours at time and one-half (1 ½) his regular rate of pay.

22. Robert Echols has been employed by the Defendant since 1983 as a custodian. The Plaintiff's scheduled hours are from 9:00 AM until 6:00 PM with a thirty (30) minute uninterrupted lunch period. His actual hours are from 9:00 AM until 7:00 PM without an uninterrupted lunch period at least three (3) times per week. The Plaintiff had to stay late to lock the school every day. The Plaintiff had to close up after PTA every six (6) weeks and he would have to stay one (1) hour. The Plaintiff was required to strip floors in the summer for sixteen (16) hours. The Plaintiff had to respond to the alarm six (6) or seven (7) times a year for thirty (30) to forty (40) minutes. The Plaintiff has not been paid for all hours worked at either his regular rate of pay or at time and one-half (1 ½) his regular rate of pay for all hours worked over forty (40) in a week. The Plaintiff is owed at a minimum three hundred fifty (350) hours at time and one-half (1 ½) his regular rate of pay.

23. Rae Nita Johnson has been employed by the Defendant since 1997 as a custodian. The Plaintiff's scheduled hours are from 7:00 AM until 4:00 PM. Her actual hours

are from 6:30 AM until 4:30 PM. The Plaintiff does not receive her one (1) hour uninterrupted lunch period. The Plaintiff's lunch period is often interrupted when a child gets sick or a toilet overflows. The Plaintiff is required to come in thirty (30) minutes early to unlock the school and stay thirty (30) minutes late to lock up. The Plaintiff has not been paid for all hours worked at either her regular rate of pay or at time and one-half (1 ½) her regular rate of pay for all hours worked over forty (40) in a week. The Plaintiff is owed at a minimum eight hundred (800) hours at time and one-half (1 ½) her regular rate of pay.

24. Sandra K. Lynch has been employed by the Defendant since 1995 as a custodian. The Plaintiff's scheduled hours are from 7:00 AM until 5:00 PM with a one (1) hour uninterrupted lunch period. The Plaintiff's actual hours are from 7:00 AM until 6:45 PM. The Plaintiff does receive an uninterrupted lunch period of one (1) hour. The Plaintiff has the responsibility of coming in early and staying late to unlock and lock the school. The Plaintiff is required to work Christmas, Christmas Eve, New Year's Eve, and New Year's day. The Plaintiff has not been paid for all hours worked at either her regular rate of pay or at time and one-half (1 ½) her regular rate of pay for all hours worked over forty (40) in a week. The Plaintiff is owed at a minimum seven hundred (700) hours at time and one-half (1 ½) her regular rate of pay.

25. David Rogers has been employed by the Defendant since 1990 as a custodian. The Plaintiff's scheduled hours are from 7:00 AM until 4:00 PM with an uninterrupted lunch hour. The Plaintiff's actual hours are from 7:00 AM until 4:00 PM. However, the Plaintiff does not get an uninterrupted lunch for a one (1) hour period. The

Plaintiff had the responsibility of getting to the arena early to open up for ball games. The Plaintiff also worked additional hours for school plays for two (2) hours and different organizational meetings three times a week for 2.5 hours. The Plaintiff also has to work an extra eight (8) hour shift when an employee is absent. The Plaintiff also worked holidays, such as Christmas. The Plaintiff has not been paid for all hours worked at either his regular rate of pay or at time and one-half (1 ½) his regular rate of pay for all hours worked over forty (40) in a week. The Plaintiff is owed at a minimum five hundred fifty (550) hours at time and one-half (1 ½) his regular rate of pay.

26. Donald Rooks has been employed by the Defendant since 1997 as a custodian. The Plaintiff's scheduled hours are from 7:00 AM until 4:00 PM with a one (1) hour uninterrupted lunch period. His actual hours are from 6:30 AM until 4:00 PM. The Plaintiff does not get an uninterrupted lunch period of one (1) hour. The Plaintiff' lunch is interrupted four to five (5) times per week due to children vomiting, stopping up the commodes, or other emergencies. The Plaintiff sometimes has to work a double shift and works from 6:30 AM until 7:30 PM. The Plaintiff has been required to clean after basketball games in the past, which took four (4 )hours each time. There were at least two (2) game nights per week. At other times there were more games, such as "Rumble on the Ridge" which lasted for four (4) days. The Plaintiff has not been paid for all hours worked at either his regular rate of pay or at time and one-half (1 ½) his regular rate of pay for all hours worked over forty (40) in a week. The Plaintiff is owed at a minimum six hundred (600) hours at time and one-half (1

½) his regular rate of pay.

27. Willie Smith has been employed by the Defendant since 1993 as a custodian. The Plaintiff's scheduled hours are from 7:00 AM until 4:00 PM with a one (1) hour uninterrupted lunch period. The Plaintiffs actual hours are from 7:00 AM until 4:30 PM. The Plaintiff does not have an uninterrupted lunch period of one (1) hour. The Plaintiff is required to stay late for meetings for thirty (30) minutes. The Plaintiff is also required to work when an employee is absent for a period of four (4) hours. The Plaintiff has not been paid for all hours worked at either his regular rate of pay or at time and one-half (1 ½) his regular rate of pay for all hours worked over forty (40) in a week. The Plaintiff is owed at a minimum six hundred (600) hours at time and one-half (1 ½) his regular rate of pay.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that a Judgment be entered herein against Defendant on the following:

a. Authorizing and providing notice to all similarly situated individuals;

b. That other similarly situated past and present employees of Defendant be given the opportunity to join in this lawsuit as party plaintiffs by filing written consents pursuant to 29 U.S.C. §216(b);

c. That all Plaintiffs be awarded damages in the amount of their respective unpaid overtime compensation, plus an amount as liquidated damages pursuant to 29 U.S.C. §216(b);

d. Reasonable attorney fees as allowed by the FLSA;

e. Pre-judgment interest;

f. All costs and expenses incurred in the prosecution of this action;

g. Trial by jury on all claims;

h. All other proper relief.

Respectfully submitted,

GIBSON LAW FIRM, PLLC
The Lafayette Building
523 S. Louisiana, Suite 226
Little Rock, Arkansas 72201
Phone: (501) 371-9051
Fax: (501) 371-9052

By: ______________________
Jesse J. Gibson
Ark. Bar No. 99-158

**OF COUNSEL:**

Tom S. Stone
Michael R. Johns
Mike Smith
DOVER DIXON HORNE, PLLC
425 W. Capitol, Suite 3700
Little Rock, AR 72201
Telephone: (501) 375-9151
Facsimile: (501) 375-6484

Marc E. Brand
125 S. Congress St.
Suite 101
Jackson, Ms 39201
Telephone: (601) 354-7878
Facsimile: (601) 718-6125

John B. MacNeill
MacNeill & Buffington, P.A.
1080 River Oaks Drive
Flowood, Mississippi 39232
Telephone: (601) 936-2800
Facsimile: (601) 936-2801

Michael A. Espy
Michael Espy, PLLC
P.O. Box 24205
Jackson, Mississippi 39225-4205
(601) 613-1617
(601) 368-3194

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I do hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name.

Denece Hobbs Bean

Signature (Sign Your Name)

Denece Hobbs Bean

(Print Name)

P.O. Box 2245

Mailing Address

Forrest City/Arkansas 72335

City, State, Zip

(870)633-5188 or 519-1056

Telephone Number

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

Social Security Number

**Stone & Associates, PLLC.**
Little Rock, Arkansas 72201
Counsel for Plaintiffs
1-866-417-5576

A

# CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I do hereby au;thorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name.

Ronnie Brown
➾ (Sign Your Name)

Brown, Ronnie
(Print Name)

2014 Walnut Drive
Mailing Address

Forrest City, AR 72335
City, State, Zip

(870) 633-9168
Telephone Number

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
Social Security Number

7
School District

PLEASE RETURN THIS FORM FOR FILING WITH THE COURT
BY ____________________

To:
**Gibson Law Firm, PLLC**
Little Rock, Arkansas 72201
Counsel for Plaintiffs
1-866-417-5576

**CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I represent to the court that I do hereby au;thorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name.

Robert Echols
(Sign Your Name)

Robert Echols
(Print Name)

P.O Box 143
Mailing Address

Madison, Ark 72359
City, State, Zip

(870) 633-5988
Telephone Number

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
Social Security Number

Forrest City School District #7
School District

PLEASE RETURN THIS FORM FOR FILING WITH THE COURT
BY ____________

To:
**Gibson Law Firm, PLLC**
Little Rock, Arkansas 72201
Counsel for Plaintiffs
1-866-417-5576

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I do hereby au;thorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name.

RaeNita Johnson

➡ (Sign Your Name)

Rae Nita Johnson

(Print Name)

P.O. Box 3092

Mailing Address

Forrest City AR 72335

City, State, Zip

(870) 494-3472

Telephone Number

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

Social Security Number

Forrest City

School District

PLEASE RETURN THIS FORM FOR FILING WITH THE COURT

BY ________________

To:

**Gibson Law Firm, PLLC**

Little Rock, Arkansas 72201

Counsel for Plaintiffs

1-866-417-5576

**CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I represent to the court that I do hereby au;thorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name.

RaeNita Johnson

(Sign Your Name)

RAE NITA JOHNSON

(Print Name)

913 Victor

Mailing Address

Forrest City Ark 72335

City, State, Zip

870 494-3072

Telephone Number

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

Social Security Number

Forrest City School Dist.

School District

PLEASE RETURN THIS FORM FOR FILING WITH THE COURT

BY ____________________

To:

**Gibson Law Firm, PLLC**

Little Rock, Arkansas 72201

Counsel for Plaintiffs

1-866-417-5576

**CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I represent to the court that I do hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name.

Sandra K. Lynch
Signature (Sign Your Name)

SANDRA K. LYNCH
(Print Name)

639 CHERRY St.
Mailing Address

Forrest City AR 72335
City, State, Zip

870-261-8968 (mess)
Telephone Number

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
Social Security Number

**Stone & Associates, PLLC.**
Little Rock, Arkansas 72201
Counsel for Plaintiffs
1-866-417-5576

**CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I represent to the court that I do hereby au;thorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name.

David Rogers Jr.
(Sign Your Name)

DAvid Rogers Jr.
(Print Name)

P.O. Box 186
Mailing Address

Forrest City Arkansas 72336
City, State, Zip

870-633-7673
Telephone Number

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
Social Security Number

Forrest City School Dist. 7
School District

PLEASE RETURN THIS FORM FOR FILING WITH THE COURT
BY ____________________

To:
**Gibson Law Firm, PLLC**
Little Rock, Arkansas 72201
Counsel for Plaintiffs
1-866-417-5576

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I represent to the court that I do hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name.

[signature]
Signature (Sign Your Name)

Donald Rooks
(Print Name)

426 Sunrise Drive
Mailing Address

Forrest City
City, State, Zip

1-870-630-0870
Telephone Number

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
Social Security Number

**Stone & Associates, PLLC.**
Little Rock, Arkansas 72201
Counsel for Plaintiffs
1-866-417-5576

**CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I represent to the court that I do hereby au;thorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name.

Willie Colvin Smith
➠ (Sign Your Name)

Willie Colvin Smith
(Print Name)

159 Turnell Circle Apt 92
Mailing Address

Forrest City Ark 72335
City, State, Zip

(870) 633-4255
Telephone Number

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
Social Security Number

Forrest City School District
School District

PLEASE RETURN THIS FORM FOR FILING WITH THE COURT
BY ________________

To:
**Gibson Law Firm, PLLC**
Little Rock, Arkansas 72201
Counsel for Plaintiffs
1-866-417-5576